**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4580**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARON ALEXANDER HATCHETT,

Defendant - Appellant.

Appeal from the United States District Court for Middle District of North Carolina at Greensboro, N. Carlton Tilley, Jr., Senior District Judge.  (1:20-cr-00069-NCT-1)

Submitted:  February 22, 2022                    Decided:  March 25, 2022

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aron Alexander Hatchett pleaded guilty, pursuant to a written plea agreement, to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court sentenced him to 60 months' imprisonment. On appeal, Hatchett's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning the validity of Hatchett's guilty plea. Hatchett has filed two pro se supplemental briefs, arguing that the district court erred in calculating his advisory Sentencing Guidelines range and that counsel rendered ineffective assistance at sentencing. For the following reasons, we affirm in part and dismiss in part.

Because Hatchett did not move in the district court to withdraw his guilty plea, we review the validity of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Prior to accepting a guilty plea, the district court, through a colloquy with the defendant, must inform the defendant of, and determine that the defendant understands, the charge to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces upon conviction, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The district court also must ensure that the defendant's plea was voluntary, was supported by a sufficient factual basis, and did not result from force or threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2), (3). However, in reviewing the adequacy of compliance with Rule 11, this court "accord[s] deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. Moussaoui*, 591 F.3d 263, 295 (4th Cir. 2010) (internal quotation marks omitted). We have reviewed the Rule 11 colloquy

2

and conclude that the magistrate judge did not plainly err in accepting Hatchett's guilty plea.[*]

As to Hatchett's sentence, we "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (internal quotation marks omitted).

Because Hatchett did not request a sentence lower than the one that he received, we review the reasonableness of his sentence for plain error. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020); *United States v. Lynn*, 592 F.3d 572, 578, 580 (4th Cir. 2010). The district court imposed the statutory mandatory minimum term of imprisonment; thus, Hatchett cannot demonstrate on plain error review that any procedural error affected his substantial rights. *See United States v. Knight*, 606 F.3d 171, 177-78 (4th Cir. 2010)

---

[*] Hatchett consented to the magistrate judge conducting the Rule 11 hearing.

3

(noting defendant bears burden to show "that he would have received a lower sentence had the error not occurred"). We further conclude that Hatchett's below-Guidelines sentence is substantively reasonable, as the district court's imposition of the statutory mandatory minimum sentence "is per se reasonable." *United States v. Farrior*, 535 F.3d 210, 224 (4th Cir. 2008), *abrogated on other grounds by Rodriguez v. United States*, 575 U.S. 348 (2015).

Hatchett also argues that his attorney rendered ineffective assistance at sentencing. We will not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). We conclude that ineffective assistance of counsel does not conclusively appear on the face of the record. We therefore decline to review this claim on direct appeal, and we dismiss this portion of the appeal. This claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore dismiss the appeal as to Hatchett's claim of ineffective assistance and affirm the district court's judgment. We also grant *Anders* counsel's motion to withdraw. The clerk's office will appoint Hatchett counsel for the remaining appellate proceedings. This court requires that new appellate counsel inform Hatchett, in writing, of the right to petition the Supreme Court of the United States for further review. If Hatchett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw

4

from representation.  Counsel's motion must state that a copy thereof was served on Hatchett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*